*Dawson, H. C. Martin,* for appellee.

---

SEYMOUR HOPPER v. JOHN W. HOLTZCLAU.

Bills and Notes—Assignment after Maturity.

A purchaser of a note, assigned, after maturity, takes it subject to all the equities that it would have been subject to in the hands of the payee.

Exceptions to Depositions—Appeal and Error.

Where depositions used in a former adjudication of a case before the Appellate Court and not then excepted to, are properly admitted, on the return of the cause, as evidence in the second trial, the question of its competency being settled by the former adjudication.

APPEAL FROM LINCOLN CIRCUIT COURT.

Dcember 18, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

This is the third time this case has been to this court, and the two principal questions presented for consideration are, first, was the deposition of B. D. Lusk properly admitted as evidence for appellee.

After the reversal of the judgment upon the first appeal, and on the next trial thereafter in the court below that deposition was offered by appellee, it was excepted to as being incompetent, by appellant, his exceptions were over-ruled, and the deposition read, no exceptions were taken to this ruling of the court, but the verdict and judgment on that trial were unfavorable to appellant, he then brought the case to this court, and it was again reversed, because the court below refused to permit him to introduce Alexander Lusk as a witness for him. No objection was made then in this court to. the admission of B. D. Lusk's deposition, and that was not adjudged by this court as erroneous. As therefore that evidence was in and the same not then adjudged erroneous the court below properly admitted it on the last trial, the question of the competency having been thus settled by the former adjudication. This principle has often been recognized by this court.

*Second,* did the court err in the instructions given for appellee? We think not. The note though negotiable was not assigned to appellant until after its maturity, and he then took it subject to all the equities that it would have been subject to in the hands of the payee.

Wherefore, the judgment must be *affirmed.*

*Durham, Dunlap, for appellant.*

*Bell, Hill and Alcorn, for appellee.*